## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| David R. Gelbart,<br><br>Plaintiff,<br><br>vs.<br><br>Brachfeld Law Group, P.C., and LVNV Funding, LLC,<br><br>Defendants. | Civil File No: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff David R. Gelbart ("Gelbart" or "Plaintiff") is a natural person residing in the County of Clay, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Brachfeld Law Group, P.C. ("BLG" or "Defendant"), is debt collection agency operating from an address of 100 East Campus View Boulevard, Suite 225,

Columbus, Ohio 43235.  BLG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant LVNV Funding, LLC ("LVNV" or "Defendant") is a foreign limited liability company that operates as a debt collection company from an address of 1300 East Ninth Street, Cleveland, Ohio 44114.  LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. LVNV is the master, principal, employer or joint venturer of BLG and is vicariously liable for the acts and omissions of BLG.

## FACTUAL ALLEGATIONS

8. Plaintiff allegedly incurred a financial obligation with an unknown creditor, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

9. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

10. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff sometime before February 2012.

11. On or about February 6, 2012, BLG left a scripted telephonic message for Plaintiff in an attempt to collect a debt and in connection with the collection of a debt.

12. The scripted telephonic message was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. Specifically, BLG left the following scripted telephonic message for Plaintiff on or about February 6, 2012:

> Dr. Gelbart. This is Ms. Crowder and I've been trying to reach you now Mr. Gelbart over the last week and it's very important that somebody contact my office this morning. I need either you or a representative to return the call immediately to 866-837-4402, extension 6118. Dr. Gelbart, again this is Ms. Crowder, and if you are retained by an attorney that is information that I need. If not, then it's very important that you try and get a hold of me. Thanks.

14. BLG violated 15 U.S.C. §§ 1692d and 1692d(6) on or about February 6, 2012 because BLG failed to provide a "meaningful disclosure."

15. BLG violated 15 U.S.C. §§ 1692e and 1692e(10) on or about February 6, 2012 because BLG employed false and deceptive means in an attempt to collect a debt and in connection with the collection of a debt.

16. BLG violated 15 U.S.C. §§ 1692e and 1692e(11) on or about February 6, 2012 because BLG failed disclose that the communication was from a debt collector.

17. Beginning the first week of February 2012 and continuing through the second week of February 2012, BLG communicated with Plaintiff's employer in an attempt to collect a debt and in connection with the collection of a debt even though BLG had contact information for Plaintiff in violation of 15 U.S.C. §§ 1692b and 1692c(b) and 1692d.

18. BLG's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by BLG.

19. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of BLG's acts and omissions.

**TRIAL BY JURY**

20. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

21. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

22. The foregoing acts of the Defendants constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

23. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

24. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

25. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendants, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendants;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendants, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendants herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

Dated:  June 5, 2012.                                **MARSO AND MICHELSON, P.A.**

By:   s/Patrick L. Hayes
Patrick L. Hayes (0389869)
William C. Michelson (129823)
Attorneys for Plaintiff
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com